**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **BENJAMIN RAMEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL CASE NO. _____** |
| | ) |
| **INTERNATIONAL BROTHERHOOD** | ) |
| **OF ELECTRICAL WORKERS,** | ) |
| **LOCAL 1900,** | ) |
| | ) |
| **Defendant.** | ) |

_____

## NOTICE OF REMOVAL

Defendant International Brotherhood of Electrical Workers, Local 1900 ("IBEW" or "the

Union"), pursuant to 28 U.S.C. §§ 1331, 1337, and 1441, files this Notice of Removal of the

above-captioned cause to the United States District Court for the District of Columbia, and states

the following in support thereof:

1.      Plaintiff Benjamin Ramey is a former employee of the Potomac Electric Power

Company ("PEPCO").  Mr. Ramey was employed in a position within a collective bargaining

unit represented by the IBEW.

2.      Mr. Ramey, proceeding pro se, filed a Complaint initiating this case on November

19, 2007, in the Superior Court of the District of Columbia, which was assigned Civil Action No.

0007654-07.

3.      The Union was served with the Complaint on or about December 4, 2007.

4.      In the Complaint, Plaintiff alleges that representatives from the Union failed to

1

adequately represent him in grievance and arbitration proceedings between the Union and

PEPCO relating to Plaintiff's alleged violation of PEPCO's alcohol policy.  Specifically, as set

forth in the Complaint, PEPCO issued Plaintiff a "Decision Making Leave" (akin to placing an

employee on probation) on September 30, 2003, and subsequently terminated his employment on

November 8, 2004.  The Union represented Plaintiff in challenging these actions in grievance

and arbitration proceedings as provided by the collective bargaining agreement between the

Union and PEPCO.  Plaintiff now alleges that Union representatives "misrepresented" him

during those proceedings.[1]

     5.     Plaintiff filed suit against Defendant in Defendant's capacity as a labor

organization and the collective bargaining representative of a defined class of PEPCO

employees, including Plaintiff.  While Plaintiff does not expressly allege that Defendant violated

its duty of fair representation, the allegations raised in the Complaint constitutes a de facto duty

of fair representation claim.  The duty of fair representation owed to Plaintiff is based on

Defendant's exclusive bargaining authority, derived from section 9(a) of the National Labor

Relations Act ("NLRA"), 29 U.S.C. § 159.  Because the NLRA is an "act regulating interstate

commerce," this Court has jurisdiction pursuant to 28 U.S.C. § 1337.  Capital Service, Inc. v.

NLRB, 347 U.S. 501, 504 (1954)

     6.     To the extent that the Complaint rests on the interpretation of the collective

bargaining agreement between Defendant and PEPCO, the federal courts have jurisdiction

---

[1] Mr. Ramey also filed a complaint against PEPCO on or about November 1, 2007, in the
Superior Court for the District of Columbia, Case No. 0007335-07, alleging "Wrongful
Termination."  On November 26, 207, PEPCO filed a Notice of Removal of that action with the
Clerk for the United States District Court for the District of Columbia.

2

pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185. International Bhd. of Teamsters, Chauffers, Warehousemen and Helpers of America v. Ass'n of Flight Attendants ("IBT v. AFA"), 663 F.Supp. 847, 851 (D.D.C. 1987) (citing AVCO Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers, 390 U.S. 557, 560 (1968)).

      7.     Any state claims averred in Plaintiff's Complaint that rest on the interpretation of the collective bargaining agreements between Defendant and PEPCO are preempted by Section 301 of the LMRA.  IBT v. AFA, 663 F.Supp. at 852 ("the "preemptive force of § 301 [of the LMRA] is so powerful as to displace entirely any state cause of action' for violation of a collective bargaining agreement")(quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 24 (1983)).

      8.     A copy of the papers served upon the Defendant is attached hereto as Exhibit A.

      9.     Defendant will provide written notification of the filing of this Notice with a copy of the Notice to the Clerk of the Superior Court of the District of Columbia, as required by 28 U.S.C. § 1446(d).

      WHEREFORE, Defendant requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted,


 /s/ Jeffrey W. Burritt
Robert E. Paul [Lead Counsel]
(D.C. Bar No. 194787)
Jeffrey W. Burritt (D.C. Bar No. 493812)
Zwerdling, Paul, Kahn & Wolly
1025 Connecticut Ave., N.W. Suite 712
Washington, DC 20036
Phone: (202) 857-5000
Fax: (202) 223-8417
E-mail: rpaul@zwerdling.com
          jburritt@zwerdling.com

Attorneys for Defendant


## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of December, 2007, a copy of the foregoing Notice of Removal was sent, by first-class mail, postage prepaid, to the plaintiff, who is proceeding pro se, Benjamin Ramey, 4251 Clay Street, NE, Washington, D.C. 20019.


 /s/ Jeffrey W. Burritt
Jeffrey W. Burritt

4

**EXHIBIT A**



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

BENJAMIN RAMEY
    Vs.                                     C.A. No.     2007 CA 007654 B
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS
## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge ROBERT E MORIN
Date:  November 19, 2007
Initial Conference: 9:30 am, Friday, February 29, 2008
Location:  Courtroom 517
                500 Indiana Avenue N.W.
                WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

BENJAMIN RAMEY-PROSE

425 WAY ST. N.E.

WASH. D.C. 20011                                 *Plaintiff*

vs

IBEW INTERNATIONAL (BROTHERHOOD OF ELECTRICAL WORKERS)    Civil Action No.

1125 15TH ST. N.W.

WASH. D.C., 20005                                *Defendant*


### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

BENJAMIN RAMEY-PROSE
Name of Plaintiff's Attorney

425 ...                                 By

...                                              JColaire

202 ...                                  Date      11/19/07

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

SEE REVERSE SIDE FOR IMPORTANT INFORMATION ABOUT THIS FORM

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

BENJAMIN RAMEY, PRO-SE
4251 CLAY ST. N.E.
WASH. D.C., 20019                    *Plaintiff*                    0007654-07

vs.                                                      CIVIL ACTION NO. _____

I.B.E.W. (INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS
1125 15TH ST. N.W.
WASH. D.C., 20005

RECEIVED
Civil Clerk's Office
NOV 1 9 2007
Superior Court of the
District of Columbia
Washington, D.C.

*Defendants*

**COMPLAINT**

1. **Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.**

06-AA-743        SEE ATTACHMENTS

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 3,000,000.00 with interest and costs.

Phone: _____

DISTRICT OF COLUMBIA, SS

_BENJAMIN RAMEY_____, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-off and just grounds of defense.

_Benjamin Ramey_____
(Plaintiff)                                    Agent)

Subscribed and sworn to before me this __16th__ day of __November__ 20_07_.

_C. Kelley_____
(Notary Public/Deputy Clerk)

FORM CV-1013/ Nov. 00

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

BENJAMIN RAMEY PRO-SE
4251 CLAY ST. N.E.
WASH. D.C., 20019

PLAINTIFF

V.

I.B.E.W. (INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS)
PRES., JOHN COLEMAN
V.P., JOE HAWKINS

RECEIVED
Civil Clerk's Office
NOV 16 2007
Superior Court of the
District of Columbia
Washington, D.C.

0007650-07

COMPLAINT
(CONSPIRACY TO ASSIST COMPANY POLICY
TO SUPERSEDE FEDERAL DOT LAW)

ON SEPT. 1, 2003 PLAINTIFF REPORTED TO WORK AND WAS ACCUSED OF BEING INTOXICATED BY EMPLOYER, POTOMAC ELECTRIC POWER CO. (PEPCO). PLAINTIFF WAS DETAINED FOR OVER ELEVEN (11) HRS. FOR A BREATH TEST, UNALLOWED TO EAT, DRINK OR USE THE FACILITY AND TRANSPORTED ACROSS THE STATE LINE INTO VIRGINIA. A UNION REPRESENTIVE, LOMAN DUDLEY WAS PRESENT ALONG WITH PLAINTIFF AND TWO PEPCO MANAGERS, GREGORY JOHNSON AND NEGUSSIE BIRRATU. A THIRD MANAGER, DAVID DUARTE, ORDERED THE TEST PURSUANT TO THE DEPT. OF TRANSPORTATION (DOT) REQUIREMENTS UNDER FED. LAW.

PEPCO MANAGERS ATTEMPED FOR 11 HRS. TO LOCATE A BAT (BREATH ALCOHOL TECHNICIAN) TO CONDUCT THE TEST AND AT 11 A.M., 11 HRS. AFTER PLAINTIFF REPORTED TO WORK, AN ALLEGED BAT, THOMAS HYDE CONDUCTED THE TEST. AND THE RESULTS WERE POSITIVE AS ALLEGED BY THE COMPANY.

On Sept. 30, 2003, Plaintiff Received a DML (Decision Making Leave) and had to Enroll in the Kolmac Clinic For Violating PEPco's Alleged Alcohol Policy. Union Rep. Dudley Filed to the Local His Version of the Events That Occured on Sept. 1, 2003 and John Coleman, Pres. of the Local, Filed a Presidental Grievance.

On Oct. 28, 2003 Plaintiff Took Sick and Was on Sick Leave Relating To the Sept. 1, 2003 Incident and From 10-28-03, Plaintiff Never Once Heard From the Local until Around June 04 and That Was Only Because Plaintiff Contacted the Local.

On 12-10-04 at an Arbitration Hearing, the Issue Was Whether Or Not the Company Complied With DOT Law. The Company Insist That Their Alcohol Policy Was Law, But the Locals Argument Was DOT, Since Plaintiff Possess a CDL (Commercial Drivers License) and Drives a CMV (Commercial Motor Vehical), But the Local Never Once Investigated Plaintiffs Investigators Findings That the Alleged BAT Was Not Certified To Practice In the District, Nor Was He Certified Under DOT Requirements.

The Test Form Was Altered, Hyde Was Not Certified, The Test Was Not Administered Under DOT, The Arbitrator Destroyed The Tape of the Hearing, The Local Misplace Dudley's Statement, Both Managers Under Oath Testified That Neither Terminated Plaintiff and Then the Local Tell Plaintiff's Key Witness, Lonan Dudley, (Union Rep.) To, "Back Up And Stay Out Of It."

Plaintiff Was Terminated on Nov. 8, 2004, A Year After He Took Sick and Have Been Unemployed Under the Doctors Care Since.

## Conclusion

Both Pres. and V.P. of the Local Misrepresented Plaintiff To the Fullest. Both Were Well Aware of the Serious Situation That The Company (PEPco) Was In And They Chose To Shelter PEPco Over An Employee That Paid Dues For 13 Yrs. The Locals Outrageous Behavior Of Misrepresentation Towards a Union Employee And To

Contributed To Federal Violations Being Covered Up, Was A Desperate Need For The Company To Prevail And Plaintiff Should Be Able To Sue For Compensatory As Well As Punitive Damages. Plaintiff Spent His Income To Hire An Investigator, That Informed The Local Of All The Wrong Doing By The Company And The Local Still Embraced Pepco. The Local Had Never Seen A FMCSR (Fed. Motor Carriers Safety Reg.) Hand Book.

Ex. 1, Plaintiff's Test That Was Altered And Concluded By An Expert Sub. Ct. Traffic Atty., That The Test Was Forensically Invalid. The Local Never Challenged The Test.

Ex. 2, A Break Down Of The Test Concluded By A Sup. Ct. Traffic Atty.

Ex. 3, Bat's Certificate That Was Bogus That The Local Never Challenged.

Ex. 4, Testimony Under Oath From The Bat, Hyde, That He Was Only
Pg. 147
License In Virginia And The Local Never Checked Or Asked For Hyde's Proof Of Certifications Of Testing In The District.

Ex. 5, Letter From Pepco Manager That Plaintiff Test Positive In The Clinic.

Ex. 6, Letter From Clinic Director To Plaintiff's Investigator That The Test Was Negative And The Local Turn Their Head.

Ex. 7, Statement From Union Rep, Mr. Dudley, What Actually Occured On 9-1-03. The Local Was Informed Of The Conspiracy To Cover Up The Violations From The Company, To Terminate Plaintiff, By Invest., Ms. Davis And The Local Turned Their Back On Plaintiff. Pepco Is A Trucking Co. Regulated By Dot Fed. Law That Congress Pass And The Local Was As Much Involved In The Conspiracy As Pepco To Terminate Plaintiff Because Of A Law Suit.

Ex. 4, Testimony Under Oath From Pepco Manager, Duarte, That Plaintiff
Pg. 212
247 Was Bound By Dot, So The Local Assisted The Company's Policy To Supersede A Fed. Law. The Local Had Never Seen The Dot Law Book That The Company Should Comply With + That CDL Drivers Has To Sign For, The FMCSR Are Required By Law For The Co. And Employee's To Comply With.

The Local Shouted In Anger Requesting That Ms. Davis Cease Calls Concerning Plaintiff's Termination.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE COPY OF THIS MOTION WAS SERVED THE FOREGOING AND SENT POSTAGE PREPAID ON COUNSEL FOR DEFENDANTS, JOHN COLEMAN AND JOE HAWKINS TO: 1125 15TH ST. N.W., WASH. D.C., 20005 ON THE ____ DAY OF NOV. 2007.

*Benjamin Ramey*

BENJAMIN RAMEY

4251 CLAY ST. N.E.

WASH. D.C. 20019

(202) 213-8154



# Alcohol Testing Form

*(The instructions for completing this form are on the back of Copy 3)* – *EX. 1*

---

**STEP 1: TO BE COMPLETED BY ALCOHOL TECHNICIAN**

A. Employee Name **BENJAMIN F. RAMEY**
(PRINT) (First, M.I., Last)

B. SSN or Employee ID No. **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**

C. Employer Name **PEPCO**
Street **701 9TH ST NW**
City, ST ZIP, **WASHINGTON DC 20001**

DER Name and
Telephone No. **NEGUSSIE BIRHATH**    **(202) 872-36**
DER Name                          DER Phone Number

D. Reason For Test: ☐ Random ☒ Reasonable Susp ☐ Post-Accident ☐ Return to Duty ☐ Follow-up ☐ Pre-employment

---

**STEP 2: TO BE COMPLETED BY EMPLOYEE**

I certify that I am about to submit to alcohol testing and that the identifying information provided on the form is true and correct.

Signature of Employee _____    Date    **8**    **30**    **0**
                                                         Month   Day   Ye

---

**STEP 3: TO BE COMPLETED BY ALCOHOL TECHNICIAN**

...he technician conducting the screening test is not the same technician who will be conducting the confirmation test, each technician must complete their own form.) I certify that I have conducted alcohol testing on the above named individual, that I am qualified to operate the testing device(s) identified, and that the results are as recorded.

TECHNICIAN: ☒ SAT ☐ STT    DEVICE: ☐ SALIVA ☒ BREATH*  ☐ 15-Minute Wait: ☐ Yes ☐ No
SCREENING TEST: *(For BREATH DEVICE* write in the space below only if the testing device is not designed to print.)*

| Test # | Testing Device Name | Device Serial # OR Lot # & Exp Date | Activation Time | Reading Time | Result |
|--------|---------------------|-------------------------------------|-----------------|--------------|--------|
|        |                     |                                     |                 |              |        |

CONFIRMATION TEST:    *Results MUST be affixed to each copy of this form or printed directly onto the form.*

Remarks: _____

Alcohol Technician's Company **MID ATLANTIC DRUG TESTING**    Company Street Address **13615 BENT TREE CIRCLE**

(PRINT) Alcohol Technician's Name (First, M.I., Last) **THOMAS HYDE**    Company City, State, Zip **CENTREVILLE VA 20121**    Phone Number **703 802 ZZ**

Signature of Alcohol Technician _____    Date **8**    **30**    **0**
                                                          Month   Day   Ye

---

**STEP 4: TO BE COMPLETED BY EMPLOYEE IF TEST RESULT IS 0.02 OR HIGHER**

...tify that I have submitted to the alcohol test, the results of which are accurately recorded on this form. I understand ...t I must not drive, perform safety-sensitive duties, or operate heavy equipment because the results are 0.02 or greater.

Signature of Employee _____    Date **8**    **30** **0**
                                                      Month   Day   Ye

---

Right margin printout (partial):

BREATHALYZER 74...
SERIAL # : ARHI

BREATHALYZER PR
SERIAL # : ARHI
PRINTER LOG #: ...

MM.DD.YY HH:MM
08.30.03 11:09

*****************
* TEST NUMBER: 0
*
* AIR-BLANK TEST
*    0.000 PERCE
*
* BREATH TEST:
*    0.079 PERCE
*****************

BREATHALYZER 7410
SERIAL # : ARHK-

BREATHALYZER PRIN
SERIAL # : ARHL-
PRINTER LOG #: 06

MM.DD.YY HH:MM
08.30.03 11:32

*****************
* TEST NUMBER: 01
*
* AIR-BLANK TEST:
*    0.000 PERCEN
*
* BREATH TEST:
*    0.065 PERCEN
*****************

DRY-GAS ACCURACY T

BREATHALYZER 7410
SERIAL # : ARHK-1
TEST # : 01254

BREATHALYZER PRINT
SERIAL # : ARHL-6
PRINTER LOG #: 005

MM.DD.YY HH:MM
08.30.03 11:59

*****************
* LABELED BAC VALU
*    0.040 PERCENT
*
* CORRECTED BAC VA
* 0.40    PERCENT
*
* ACCURACY TEST RE
*    0.039 PERCENT
*****************
TECHNICIAN SIGNATU

*Ex.2*



# Bryan W. Brown

**Attorney at Law**

400 Fifth Street, NW
Suite 300
Washington, DC 20001
(202) 639-0221
attorney@bryanwbrown.com

To:    William Bach
From:  Bryan W. Brown
Re:    Benjamin Ramey
Date:  July 19, 2007

      I am currently an attorney barred to practice law in the District of Columbia and the Commonwealth of Virginia. I am a member of the D.C. Superior Court Traffic Panel and a Duty Attorney in D.C. Superior Court. I have been practicing in the area of criminal defense with a primary focus on defense of alcohol related driving offenses for over 5 years. I attend annual trainings regarding breath testing and the potential errors associated with breath testing. With the knowledge I have gained in my legal practice and educational seminars I have evaluated the documents presented. Those documents included an "Alcohol Testing Form" with a printout from a Breathalyzer 7419 xeroxed onto it, a Memo from Pepco dated September 30, 2003, a Employee Grievance Form, a Certificate of Training, a two page Delcaration of Laman Dudley, and a statement by Benjamin Ramey. After reviewing the materials, it is apparent that the breath test conducted on Mr. Ramey is not forensically valid. The test was not conducted sufficiently close in time to the incident for the results to be valid. The U.S. Capital Police Breath Testing Training manual requires two tests to be conducted no more then 10 minutes apart so that accuracy can be demonstrated. That was not done with Mr. Ramey's test. Capital Police standards also require the testing to be done within two hours, which was also not done in Mr. Ramey's case.

      A test so far after an individual could have possible had a drink is highly unreliable. There are many factors to consider some of which include whether the individual was in the absorption, distribution, or elimination phase. That is to say was any alcohol consumed being absorbed into his blood, distributed throughout his blood, or eliminated from his blood. Generally, once an elimination phase is reached, the body eliminates alcohol at a rate of approximately .015% per hour. This number, however, can vary dramatically depending on the individual. Furthermore, the time a person remains in the three phases also varies dramatically. These factors make using a test so remote in time highly unreliable.

      A number of other factors also make breath machine readings unreliable. The inherent margin of error for most machines is around 10%. This error is added to a potentially 15% margin of error that can result from an improper breath pattern near the time of testing. Also added to the total margin of error can be an 8.6% margin of error per 1 degree Celcius difference between actual core body temperature and the assumed core body temperature. Also, Hematocrit level can result in an additonal 14% margin of error. When combined, the total margin of error

of a breath machine can approach 47.6%. This margin of error assumes a test taken shortly after the period when you want to know the Blood Alcohol Content. Additional causes of error can result from partition ratio error, mouth alcohol error, and extrapolation error. Because of the many potential causes of error in breath testing, a direct test of the blood is the most appropriate method for determining actual blood-alcohol levels.

In conclusion, the results of the test used on Mr. Ramey on August 30, 2003 are not forensically valid, and should be of no evidentiary value in determining Mr. Ramey's Blood Alcohol Content while he was on the job some 12 hours prior to the test. The test was taken far too remotely from the time Mr. Ramey was on the job, the two test that were taken were not taken within 10 minutes of each other, and the results of breath test without controls to eliminate potential causes of error make the results unreliable. As such, the results of the breath test should not have been used in the decision of whether or not to take action against Mr. Ramey for alleged violation of PEPCO policy.

_Ex. 3_

# Certificate of Training

This is to certify that

## Thomas Hyde
Certificate No. 900519

Has successfully completed the

### BREATH ALCOHOL TECHNICIAN TRAINING COURSE
Provided by N.I.F.C., on the date below.

- Proficient in Operation of Draeger Breathalyzer Model 7410

April 23, 1999
Date

_Nancy Schultz_
Instructor    Nancy Schultz

Ex.4

3

jhl                                                                    1

JH

## GOVERNMENT OF THE DISTRICT OF COLUMBIA

## DEPARTMENT OF EMPLOYMENT SERVICES

## HEARINGS AND ADJUDICATION SECTION

- - - - - - - - - - - - - - x
                            :
BENJAMIN F. RAMEY,          :
                            :
          Claimant,         :
                            :
     v.                     :   OHA No. 05-318
                            :
POTOMAC ELECTRIC POWER      :   OWC/ODC No. 608087
COMPANY,                    :
                            :
          Employer,         :
                            :
     and                    :
                            :
CHC,                        :
                            :
          Carrier.          :
                            :
- - - - - - - - - - - - - - x

                         Wednesday, August 17, 2005

                         64 New York Avenue, N.E.
                         Washington, D.C. 20002

          The hearing in the above-entitled matter

was convened, pursuant to notice, at 2:26 p.m.

BEFORE:

          AMELIA G. GOVAN
          Administrative Law Judge

jhl                                                                    3

## C O N T E N T S

| WITNESS | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| Benjamin F. Ramey | 14 | 55 | 96 | -- |
| Lamar L. Dudley | 99 | 114 | 120 | 122 |
| Further Redirect | | | 123 | |
| Gregory M. Johnson, Sr. | 126 | 145 | 152 | -- |
| Thomas Hyde | 156 | 164 | 177 | -- |
| Negussie Birratu | 181 | 191 | 201 | 204 |
| David A. Duarte | 207 | 234 | 247 | 249 |

### EXHIBITS

| CLAIMANT'S | IDENTIFIED | RECEIVED |
|---|---|---|
| 1 - 5 | (Previously) | 9 |
| 6 | (Previously) | 179 |

| EMPLOYER'S | | |
|---|---|---|
| 1 through 8 | (Previously) | 11 |
| 9 | (Previously) | -- |
| 10 | (Previously) | 240 |

jhl

1    A    Approximately. I don't have the form in

2    front of me.

3    Q    Let me ask you this. Are you licensed to

4    perform tests in the District of Columbia?

5    A    I don't have a license. I am a certified

6    breath alcohol technician, yes.

7    Q    Nevertheless, anybody who works in the

8    District of Columbia is governed under the

9    Department of--Regulatory Commission. Isn't that

10    correct?

11    A    I don't know.

12    Q    But you do not have a license to conduct

13    tests in the District of Columbia?

14    A    I'm licensed in the State of Virginia,

15    right.

16    Q    Mr. Ramey was provided a form, isn't that

17    correct, of the results of the test?

18    A    Yes, ma'am.

19    Q    I'm going to show you.

20    A    Thank you.

21    Q    Do you recognize that form?

22    A    Yes, ma'am.

jhl                                                              212

1    on his feet.  He was slurring his words.  And, yes,

2    his eyes were very, very bloodshot.

3         And so after observing this and just his--

4    his mannerisms, how he held his hands, how he--how

5    his body moved and what have you, I--and of course

6    the--the smelling of the alcohol, I determined that

7    he needed to be tested.  Because at that time we

8    were in a--in a storm condition, he was a truck

9    driver in conduit which meant that he would be

10   going out into the community.  He had to be at the

11   top of his senses because of the danger.  It's a

12   danger in and by itself if you're--you're in--

13   you're well tested and didn't have any alcohol in

14   your system.  So and we have had some fatalities at

15   PEPCO so we were very, very astute to the fact that

16   we wanted to keep a close watch on this.

17   Q    What was the purpose of ordering testing

18   for Mr. Ramey?

19   A    When--when Mr. Ramey is a commercial motor

20   vehicle driver, we are bound by the Department of

21   Transportation that if an individual reports to

22   work under the influence of alcohol or he's

jhl                                                                247

1          JUDGE GOVAN:  Mr. O'Connell?

2                REDIRECT EXAMINATION

3          BY MR. O'CONNELL:

4      Q    One question.  The PEPCO employee policy

5    with regard to drug and alcohol rules requires the

6    search of the vehicle after a triggering event,

7    correct?

8      A    Yes, sir, and it goes--that that policy

9    goes further.  If an individual drives his personal

10   vehicle on PEPCO property, that vehicle can be

11   inspected at any time.

12     Q    But the rules require it after a

13   triggering event?

14     A    Yes, it requires it as to DOT.

15         MR. O'CONNELL:  Those are all the

16   questions I have, Your Honor.

17         JUDGE GOVAN:  Ms. Mendoza?

18         MS. MENDOZA:  No further questions,

19   Your Honor.

20         JUDGE GOVAN:  Mr. Duarte, I'm looking at

21   Exhibit No. 4 for the Employer which is the letter

22   from Mr. Wade to the nurse, Ms. Saucier.  I noticed

Ex. 5



# memo

**TO:**        Mr. Benjamin F. Ramey, EID 60863

**FROM:**      W. B. Sigafoose

**SUBJECT:**   Meeting Regarding Your Continued Employment

**DATE:**      July 16, 2004


On September 30, 2003, you were issued a Decision Making Leave (DML) for violating the Company's Drug and Alcohol Policy. At that time you were informed that you must enter into and successfully complete an approved rehabilitation program. You were also informed that failure to do so would result in your termination from the Company. This requirement was further documented in my memorandum to you of September 30.

On November 10, 2003, the Company was notified that you had been discharged from the approved rehabilitation program that you had entered. You were terminated from the program for having a positive Breathalizer reading while in attendance. This was a program violation.

As a result of the above incident, you have not fulfilled you obligation to successfully complete an approved rehabilitation program as required by your DML agreement, consequently, it appears discharge is warranted. This memorandum is to inform you that we have scheduled a Continued Employment Meeting and would like for you to attend. The meeting will be held in my office on July 22, 2004, at 2:00 p.m. at the Benning Service Center. Your Union has been advised and we understand they plan to attend. You can contact the Union on (301) 322-6030. After the meeting the Company will advise you in writing as to its decision your continued employment.

*SMA for*
*WBS*
W. B. S.


C.c.    Employee Relations
        HRIS/Employee Records
        Department Files

Ex. 6

KOLMAC CLINIC
1000 SPRING STREET
SILVER SPRING MARYLAND 20910-4080
301-469-0255

GAITHERSBURG MD
(301) 330-7888

WASHINGTON D.C.
(202) 938-1992

July 27. 2004

Jacquelyn Davis, Investigator

District of Columbia Criminal Justice Act
Defender Services

Dear Ms. Davis,

Mr. Benjamin Ramey was voluntarily admitted to the Kolmac Clinic on October 13. 2003 for treatment of his alcohol problem.

The Kolmac treatment program provides comprehensive detoxification, rehabilitation, and continued care services in a structured, intensive outpatient setting. During the rehabilitation phase patients initially attend 5 times per week, eventually participating in a total of 25 to 30 sessions over a period of two months. Each session is of 3 hours duration and includes group psychotherapy, didactic information, and, when indicated, the daily administration of Antabuse. During the continued care phase, patients attend a therapy group each week for up to 70 sessions in addition to AA, CA, and NA meetings. The program is certified by the State of Maryland as an outpatient facility for the treatment of alcohol and drug dependence.

Mr. Ramey was discharged on October 27. 2003.

Mr. Ramey was given a random urinalysis on October 13. 2003. The results were negative.

Sincerely,

Richard A. Hoover. LICSW

12B

Ex. 7

IN THE UNITED STATES DISTRICT COURT

OF THE DISTRICT OF COLUMBIA

BENJAMIN RAMEY                    )
          Plaintiff,                          )
                                               )        Case No. 1:04cv02088 (RJL)
          v.                                   )
                                               )
POTOMAC ELECTRIC  POWER    )
COMPANY, et al.,                          )
          Defendants.                     )

## DECLARATION OF LAMAN DUDLEY

I, Laman Dudley, do hereby depose and swear as follows:

1.    I am over the age of eighteen (18) and am otherwise competent to make this Declaration.  The information contained in this Declaration is based on my personal knowledge.

2.    I am currently employed by Potomac Electric Power Company as a Lead Mechanic and I am a Steward for the International Brotherhood of Electrical Workers.

3.    I am a Caucasian male.

4.    On August 31, 2003, Mr. Sigafoose came into my office to inform me that Mr. Benjamin Ramey was going to be subjected to a breathalyzer test.

5.    The breathalyzer test could not be performed in-house at 9th and G Street, N.W., WA, D.C.

6.    At approximately 2:15 a.m., on September 1, 2003, upon the instructions of Mr. Duarte Mr. Gregory Johnson and Mr. Naguse took Mr. Benjamin Ramey to Virginia for the purpose of conducting the breathalyzer test.  I also went with them.

7.    We went to the first hospital and waited one and half hours.  We were then informed that they could not perform the test.

8.    When we arrived at the first location Mr.Ramey said he had to use the bathroom.  Mr. Naguse told him "You [pause] no".

9.    A short time later Mr. Ramey again asked Mr. Naguse to use the bathroom and he yelled at him "You [pause] no".

10.  The test could not be performed at that facility.  We then went to another facility, a 24 hour clinic, to have the test performed.  We waited there four hours.

11.  Mr. Ramey again asked permission to use the bathroom and for a drink of water.  Again Mr. Naguse told him "No".

12.  I argued with Mr. Naguse and told him he had to let Mr. Ramey have a drink and use the bathroom.

13.    I told him what they were doing to Mr. Ramey was inhuman and outrageous.

14.    I told Mr. Naguse that being a white man they would never have done this to me.

15.    Mr. Ramey was in obvious pain and discomfort for the entire time, he eventually could not hold his urine and he urinated upon himself.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willingly false, I am subject to prosecution.

Laman Dudley

07 CV-2279
RJL

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| BENJAMIN RAMEY | INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 1900 |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  **11001**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Pro Se

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-02279
Assigned To : Leon, Richard J.
Assign. Date : 12/19/2007
Description: Labor-ERISA

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZEN...
FOR PLAINTIF... AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ◉ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans<br>(excluding veterans) |

| ● **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 Americans w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding   ● 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
29 U.S.C. § 159 - Plaintiff alleges the Defendant Union breached the duty of fair representation it owed to Plaintiff.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** 3,000,000   Check YES only if demanded in complaint   **JURY DEMAND:** YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

**DATE** December 19, 2007   **SIGNATURE OF ATTORNEY OF RECORD** *[signature]*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*Benjamin Ramey*

Plaintiff

v.                                    Civil Action No.  07 2279

*International Brotherhood*                      DEC 19 2007

Defendant

The above entitled action, removed from the Superior Court for the District of Columbia,

has been filed and assigned to Judge **LEON, J. FUL** _____. All counsel and/or pro se

litigants must include on any subsequent pleadings both the civil action number and the initials

of the judge assigned to this action.  (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the

bar of this Court to appear, file papers or practice.  To assist the Clerk's Office in properly

recording all counsel of record, counsel for all parties must enter their appearance in accordance

with our Local Rule 83.6(a).  Timely compliance with this requirement will enable the Clerk's

Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer.  This rule clearly

spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court

on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _____

Deputy Clerk

cc: *Benjamin Ramey*

929A
Rev. 7/02