UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENJAMIN RAMEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTERNATIONAL BROTHERHOOD )<br>OF ELECTRICAL WORKERS, )<br>LOCAL 1900, )<br>)<br>Defendant. ) | Civil Case No. 07-02279 |

## MOTION TO DISMISS

Defendant International Brotherhood of Electrical Workers, Local 1900 hereby moves to dismiss the Complaint in this action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for the reasons set forth in Defendant's Memorandum of Points and Authorities in Support of Motion to Dismiss, filed concurrently herewith. A proposed Order has also been filed with this Motion.

Respectfully submitted,

/s/ Robert E. Paul
Robert E. Paul (D.C. Bar No. 194787)
Jeffrey W. Burritt (D.C. Bar No. 493812)
Zwerdling, Paul, Kahn & Wolly
1025 Connecticut Ave., N.W. Suite 712
Washington, DC 20036
Phone: (202) 857-5000
Fax: (202) 223-8417
E-mail: rpaul@zwerdling.com
jburritt@zwerdling.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of December, 2007, a copy of the foregoing Motion to Dismiss was sent, by first-class mail, postage prepaid, to the plaintiff, who is proceeding pro se, Benjamin Ramey, 4251 Clay Street, NE, Washington, D.C. 20019.


/s/ Robert E. Paul
Robert E. Paul

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENJAMIN RAMEY, </br></br> Plaintiff, </br></br> v. </br></br> INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 1900, </br></br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) Civil Case No. 07-02279 </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendant International Brotherhood of Electrical Workers ("IBEW" or "the Union") files this Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss the Complaint of Plaintiff Benjamin Ramey.

### Introduction and Summary

Mr. Ramey is a former employee of the Potomac Electric Power Company ("PEPCO") and former member of the Defendant International Brotherhood of Electrical Workers, Local 1900 ("IBEW" or "the Union"), the exclusive bargaining representative of most PEPCO employees.[1]

---

[1] Article 2 of the collective bargaining agreement ("CBA") between PEPCO and the IBEW defines the bargaining unit that the IBEW represents as "all employees of the Company in all Pepco and heritage Pepco bargaining unit classifications at all work locations, regardless of the method of pay, excluding only confidential employees, security employees (guards), and professional, supervisory and management employees." Relevant portions of that agreement are attached as Exhibit 1.

1

On September 1, 2003, Mr. Ramey reported to work at PEPCO and was accused of being intoxicated. Comp., ¶ 1. As a result, pursuant to Department of Transportation requirements, he was required by PEPCO to submit to a test screening for the presence of alcohol. Comp., ¶ 1. He was accompanied to that test by two PEPCO managers as well as Loman Dudley, a Union representative. Comp., ¶ 1.

Based on this incident, on September 30, 2003, PEPCO issued Mr. Ramey a Decision Making Leave ("DML"), tantamount to being placed on probation, pursuant to Article 16 of the CBA (Ex. 1), and required Mr. Ramey to enroll in a program for allegedly violating PEPCO's alcohol policy. Comp., ¶ 3. As his collective bargaining representative, Local 1900, through its President/Financial Secretary/Business Manager John Coleman, filed a President's Grievance challenging the DML (Comp., ¶ 3)("DML Grievance"), pursuant to Article 17 of the CBA, and progressed the matter to arbitration pursuant to Article 18 of the CBA. Ex. 1. An arbitration hearing was held on December 10, 2004 (Comp., ¶ 7), at which Mr. Ramey was represented by the Union. By decision dated December 14, 2004, Arbitrator Charles Feigenbaum denied the grievance. Exhibit 2.

While the DML Grievance was pending, on November 8, 2004, PEPCO discharged Mr. Ramey, based on PEPCO's allegation that he failed to successfully complete an approved rehabilitation program for drugs and alcohol, which was one of the conditions of the DML that he had received on September 30, 2003. The Union filed a second grievance on Mr. Ramey's behalf, challenging PEPCO's decision to terminate Mr. Ramey ("Termination Grievance"), and progressed the grievance to arbitration. An arbitration hearing was held, at which Mr. Ramey was represented by the Union, and by decision dated July 11, 2005, Arbitrator Jerome H. Ross

2

denied the grievance and therefore upheld Mr. Ramey's termination. Ex. 3.

Now, nearly three years after the DML Grievance was denied in arbitration, and more than two years after the Termination Grievance was denied in arbitration, Mr. Ramey has instituted this case. In his Complaint, Mr. Ramey alleges that the Union (1) failed to maintain adequate contact with him between October 28, 2003 and June 4, 2004 (Comp., ¶ 4); (2) failed to adequately investigate matters relating to the alcohol screening he was subjected to in September 2003 (Comp., ¶ 5); (3) misplaced a statement of union representative Loman Dudley (Comp., ¶ 6); and told Mr. Dudley to "back up and stay out" of the matter concerning his alleged positive alcohol test in September 2003 (Comp., ¶ 6). While Mr. Ramey does not specifically allege that the Union breached its duty of fair representation, he concludes that the Union engaged in "misrepresentation towards a union employee...." It is therefore clear that Mr. Ramey's complaint is that the Union breached the duty of fair representation it owed to him as his collective bargaining representative.

## Argument

### This Action is Barred by the Statute of Limitations

In Vaca v. Stipes, 386 U.S. 171, 190 (1967), the Supreme Court held that a union breaches its duty of fair representation only when its "conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." While suits for a violation of this duty in connection with a grievance commonly include both the employer and the union, a union member may bring such an action solely against his or her labor organization. Breininger v. Sheet Metal Workers Int'l Ass'n, 493 U.S. 67 (1989).

In 1983, the Supreme Court held that the six month statute of limitations applicable to

3

cases filed with the National Labor Relations Board under the National Labor Relations Act[2] governs actions filed in the courts to remedy an alleged violation of a union's duty of fair representation. DeCostello v. International Bhd. of Teamsters, 462 U.S. 151 (1983); see also e.g. Simmons v. Howard University, 157 F.3d 914, 916 (D.C. Cir. 1998); Watkins v. CWA Local 2336, 736 F.Supp. 1156, 159 (D.D.C. 1990); Goins v. Teamsters Local 639, 598 F.Supp. 1151, 1153 (D.D.C. 1984). The timeliness of an action contesting a union's processing of a grievance is to be measured from the date "the employee knows or should have known of the last action taken by the union which constituted the alleged breach of its duty of fair representation." Watkins, supra, at 1159.

Applying these straightforward principles to the case at bar, the conclusion is inescapable that Mr. Ramey's Complaint was filed far beyond the six month statute of limitations for fair representation suits. The actions of the Union about which Mr. Ramey complains throughout his Complaint took place years before this suit was filed. The DML Grievance was prosecuted and resolved through an arbitration decision issued in December 2004. Likewise, the Termination Grievance was prosecuted and resolved through an arbitration decision issued in July of 2005. Neither the factual allegations in Mr. Ramey's Complaint, nor the exhibits attached thereto, suggest that the Union took any action or inaction within the six month limitation period with respect to Mr. Ramey, much less any that would give rise to a colorable claim that the Union breached a duty of fair representation it owed to him. For this reason alone, the instant case

---

[2] Section 10(b) of the Act provides an employee a six month period for filing charges with the National Labor Relations Board. 29 U.S.C. § 160(b).

should be dismissed.[3]

## Conclusion

Because Mr. Ramey has instituted this case well beyond the applicable six month statute of limitations, Defendant urge this Court to dismiss the Complaint .

Respectfully submitted,

/s/ Robert E. Paul
Robert E. Paul (D.C. Bar No. 194787)
Jeffrey W. Burritt (D.C. Bar No. 493812)
Zwerdling, Paul, Kahn & Wolly
1025 Connecticut Ave., N.W. Suite 712
Washington, DC 20036
Phone: (202) 857-5000
Fax: (202) 223-8417
E-mail: rpaul@zwerdling.com
        jburritt@zwerdling.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of December, 2007, a copy of the foregoing Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss was sent, by first-class mail, postage prepaid, to the plaintiff, who is proceeding pro se, Benjamin Ramey, 4251 Clay Street, NE, Washington, D.C. 20019.

/s/ Robert E. Paul
Robert E. Paul

---

[3] For purposes of this Motion, the Union dos not contest the allegations of the Complaint. If the Court denies this Motion to Dismiss, Defendant will of course answer the Complaint.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENJAMIN RAMEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Case No. 07-02279 |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 1900, | ) ) ) ) ) |
| Defendant. | ) ) |

### ORDER

Upon consideration of Defendant's Motion To Dismiss, it is hereby

ORDERED, that Defendant's Motion is GRANTED; and it is further

ORDERED, that Plaintiff's Complaint is DISMISSED.

Dated: _____            _____
                                 Richard J. Leon
                                 U.S. District Court Judge