UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

BENJAMIN RAMEY,

PLAINTIFF,

V.                                              CASE No. 0702279 RJL

INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS,
LOCAL 1900

DEFENDANTS.

RECEIVED
DEC 31 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF'S OPPOSITION MOTION TO DEFENDANT'S
MOTION TO DISMISS

1. PLAINTIFF, BENJAMIN RAMEY HEREBY MOVES TO OPPOSE DEFENDANT'S MOTION TO DISMISS, NOT HAVING ANY INVOLVEMENT WITH WRONGFUL TERMINATION OR ARBITRATORS DECISION, BUT THE CONSPIRACY, MISREPRESENT AND BETRAYAL OF A LOCAL EMPLOYEE PAYING DUES FOR 13 YRS.

2. THIS IS NOT A COMPLAINT OF WRONGFUL TERMINATION AND THE COURT HAVE JURISDICTION TO DETERMINE THE CONSPIRACY OF ALL EVENTS WHICH OCCURED INVOLVING THE LOCALS PRESIDENT, JOHN COLEMAN AND VICE PRES., JOE HAWKINS.

3. Plaintiff was first misrepresented by the Local for non-compliance after 8 months of filing grievance for Plaintiff, then the Plaintiff provided all documents of evidence needed, including the FMCSR (Federal Motor Carrier Safety Regulations) Handbook that PEPCO was required to comply with by Fed. Law, that the Local was not familiar with, that had been a Federal Law for over 10 yrs.

4. Plaintiff hired an investigator that provided proof that the allege alcohol technician was not certified nor license in the district where Plaintiff was accused of being intoxicated.

5. Investigator, Ms. Davis provided documents that Plaintiff's test was altered and that Plaintiff never test positive in the clinic, that was the responsibility of the Local.

6. The investigator was told not to contact the Local again and the conspiracy triggered when the Local told Plaintiff's key witness, Loman Dudley to "back up and stay out" of this matter, only because of the complaint filed against PEPCO for kidnapping Plaintiff, that is currently being reviewed by the Court of Appeals in Sup. Ct.

7. The Local never challenged by responding when both managers testified not terminating Plaintiff, so the Local need to be held accountable for misrepresenting Plaintiff while conspiring against him.

8. Plaintiff request that the Court deny Defendant's motion to dismiss and have Plaintiff's complaint forwarded back to Superior Court on the original complaint of conspiracy. The Local's outrageous behavior in trying to shake up Plaintiff's key witnesses is a crime within itself and Plaintiff's witnesses can testify to that. A proposed order has been filed with this motion.

9. Plaintiff was conspired against by the Local, PEPCO and the Arbitrators to terminate Plaintiff when the test was altered, to discredit his testimony on the kidnap complaint filed and on appeal in Sup. Ct.

EX. 1, ALCOHOL TEST THAT WAS ALTERED.

EX. 2, CONFIRMATION THAT THE TEST WAS ALTERED FROM A SUP. CT. TRAFFIC PANEL ATTY. THAT THE COURT RELY ON AS A HIGHLY CREDIBLE WITNESS INVOLVING ALCOHOL TEST.

## CERTIFICATE OF SERVICE

THE UNDERSIGNED CERTIFIES THAT HE CAUSED A TRUE AND CORRECT COPY OF THIS MOTION TO BE SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID ON THIS 30TH DAY OF DECEMBER, 2007 ON THE FOLLOWING INDIVISUAL:

ROBERT E. PAUL
1025 CONN. AVE. N.W.
WASH. D.C. 20036

*Benjamin Ramey*
BENJAMIN RAMEY
4251 CLAY ST. N.E.
WASH. D.C., 20019
(202) 213-8154

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

BENJAMIN RAMEY

PLAINTIFF,

V.

INTERNATIONAL BROTHERHOOD OF

ELECTRICAL WORKERS, LOCAL 1900,

DEFENDANT.

CIVIL CASE No. 0702279

## NOTICE OF REMOVAL

PURSUANT TO THE ORIGINAL COMPLAINT FILED BY PLAINTIFF ON 11-19-07 OF CONSPIRACY AND NOT WRONGFUL TERMINATION, PLAINTIFF REQUEST A REMOVAL OF COMPLAINT WHERE FILED IN SUPERIOR COURT.

RESPECTFULLY SUBMITTED,

*Benjamin Ramey*

BENJAMIN RAMEY
4251 CLAY ST. N.E.
WASH. D.C. 20019
(202) 213-8154

CERTIFICATE OF SERVICE

THE UNDERSIGNED CERTIFIES THAT HE CAUSED A TRUE AND CORRECT COPY OF THE NOTICE OF REMOVAL TO BE SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID ON THIS 30TH DAY OF DECEMBER, 2007 ON THE FOLLOWING INDIVISUAL:

ROBERT E. PAUL
1025 CONN. AVE. N.W.
WASH. D.C., 20036

*Benjamin Ramey*
BENJAMIN RAMEY
4251 CLAY ST. N.E.
WASH. D.C., 20019
(202) 213-8154

Ex. 1

Case 1:07-cv-02279-RJL    Document 7-2    Filed 12/31/2007    Page 3 of 7

# Alcohol Testing Form

(The instructions for completing this form are on the back of Copy 3)

## STEP 1: TO BE COMPLETED BY ALCOHOL TECHNICIAN

A. Employee Name: **BENJAMIN F. RAMEY**
(PRINT) (First, M.I., Last)

B. SSN or Employee ID No.: **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**

C. Employer Name: **PEPCO**
Street: **701 9TH ST NW**
City, ST ZIP: **WASHINGTON DC 20001**

DER Name and Telephone No.: **NEGUSSIE BIRRATU**    **(202) 872-36__**
DER Name                                                                     DER Phone Number

D. Reason For Test: ☐ Random  ☒ Reasonable Susp  ☐ Post-Accident  ☐ Return to Duty  ☐ Follow-up  ☐ Pre-employment

## STEP 2: TO BE COMPLETED BY EMPLOYEE

I certify that I am about to submit to alcohol testing and that the identifying information provided on the form is true and correct.

Signature of Employee: *[signed] Benjamin F. Ramey*
Date: 8 / 30 / 0_
     Month  Day  Year

## STEP 3: TO BE COMPLETED BY ALCOHOL TECHNICIAN

the technician conducting the screening test is not the same technician who will be conducting the confirmation test, each technician must complete their own form.) I certify that I have conducted alcohol testing on the above named individual, that I am qualified to operate the testing device(s) identified, and that the results are as recorded.

TECHNICIAN:  ☒ BAT  ☐ STT   DEVICE: ☐ SALIVA ☒ BREATH*  ☐ 15-Minute Wait: ☐ Yes ☐ No
SCREENING TEST: (For BREATH DEVICE* write in the space below only if the testing device is not designed to print.)

Test #   Testing Device Name   Device Serial # OR Lot # & Exp Date   Activation Time   Reading Time   Result

CONFIRMATION TEST:  Results MUST be affixed to each copy of this form or printed directly onto the form.
Remarks: _____

Alcohol Technician's Company: **Mid-Atlantic Drug Testing**
Company Street Address: **13615 BENT TREE CIRCLE**
(PRINT) Alcohol Technician's Name: **THOMAS HYDE**
Company City, State, Zip: **CENTREVILLE VA 20121**  Phone Number: **(703) 802-22__**

Signature of Alcohol Technician: *[signed]*
Date: 8 / 30 / 0_

## STEP 4: TO BE COMPLETED BY EMPLOYEE IF TEST RESULT IS 0.02 OR HIGHER

...tify that I have submitted to the alcohol test, the results of which are accurately recorded on this form. I understand ... I must not drive, perform safety-sensitive duties, or operate heavy equipment because the results are 0.02 or greater.

Signature of Employee: *[signed] Benjamin F. Ramey*
Date: 8 / 30 / 0_

---

BREATHALYZER 7410
SERIAL # : ARHK-16__
BREATHALYZER PRINTE_
SERIAL # : ARHL-04__
PRINTER LOG #: 0056_

MM.DD.YY HH:MM
08.30.03 11:09

********************
* TEST NUMBER: 0125_
*
* AIR-BLANK TEST:
*    0.000 PERCENT _
*
* BREATH TEST:
*    0.079 PERCENT _
********************
DATA ACCEPTED :

BREATHALYZER 7410
SERIAL # : ARHK-103_
BREATHALYZER PRINTER
SERIAL # : ARHL-049_
PRINTER LOG #: 00502

MM.DD.YY HH:MM
08.30.03 11:32

********************
* TEST NUMBER: 01253
*
* AIR-BLANK TEST:
*    0.000 PERCENT BA_
*
* BREATH TEST:
*    0.065 PERCENT BA_
********************

DRY-GAS ACCURACY TEST

BREATHALYZER 7410
SERIAL # : ARHK-1031
TEST #   : 01254

BREATHALYZER PRINTER
SERIAL # : ARHL-0498
PRINTER LOG #: 00503

MM.DD.YY HH:MM
08.30.03 11:59

* LABELED BAC VALUE:
*    0.040 PERCENT BAC
*
* CORRECTED BAC VALUE:
*  0.40    PERCENT BAC
*
* ACCURACY TEST RESULT:
*    0.039 PERCENT BAC
********************
TECHNICIAN SIGNATURE:
*[signed]*

Ex. 2



# Bryan W. Brown
Attorney at Law

400 Fifth Street, NW
Suite 300
Washington, DC 20001
(202) 639-0221
attorney@bryanwbrown.com

To: William Bach
From: Bryan W. Brown
Re: Benjamin Ramey
Date: July 19, 2007

  I am currently an attorney barred to practice law in the District of Columbia and the Commonwealth of Virginia. I am a member of the D.C. Superior Court Traffic Panel and a Duty Attorney in D.C. Superior Court. I have been practicing in the area of criminal defense with a primary focus on defense of alcohol related driving offenses for over 5 years. I attend annual trainings regarding breath testing and the potential errors associated with breath testing. With the knowledge I have gained in my legal practice and educational seminars I have evaluated the documents presented. Those documents included an "Alcohol Testing Form" with a printout from a Breathalyzer 7419 xeroxed onto it, a Memo from Pepco dated September 30, 2003, a Employee Grievance Form, a Certificate of Training, a two page Delcaration of Laman Dudley, and a statement by Benjamin Ramey. After reviewing the materials, it is apparent that the breath test conducted on Mr. Ramey is not forensically valid. The test was not conducted sufficiently close in time to the incident for the results to be valid. The U.S. Capital Police Breath Testing Training manual requires two tests to be conducted no more then 10 minutes apart so that accuracy can be demonstrated. That was not done with Mr. Ramey's test. Capital Police standards also require the testing to be done within two hours, which was also not done in Mr. Ramey's case.

  A test so far after an individual could have possible had a drink is highly unreliable. There are many factors to consider some of which include whether the individual was in the absorption, distribution, or elimination phase. That is to say was any alcohol consumed being absorbed into his blood, distributed throughout his blood, or eliminated from his blood. Generally, once an elimination phase is reached, the body eliminates alcohol at a rate of approximately .015% per hour. This number, however, can vary dramatically depending on the individual. Furthermore, the time a person remains in the three phases also varies dramatically. These factors make using a test so remote in time highly unreliable.

  A number of other factors also make breath machine readings unreliable. The inherent margin of error for most machines is around 10%. This error is added to a potentially 15% margin of error that can result from an improper breath pattern near the time of testing. Also added to the total margin of error can be an 8.6% margin of error per 1 degree Celcius difference between actual core body temperature and the assumed core body temperature. Also, Hematocrit level can result in an additonal 14% margin of error. When combined, the total margin of error

of a breath machine can approach 47.6%. This margin of error assumes a test taken shortly after the period when you want to know the Blood Alcohol Content. Additional causes of error can result from partition ratio error, mouth alcohol error, and extrapolation error. Because of the many potential causes of error in breath testing, a direct test of the blood is the most appropriate method for determining actual blood-alcohol levels.

In conclusion, the results of the test used on Mr. Ramey on August 30, 2003 are not forensically valid, and should be of no evidentiary value in determining Mr. Ramey's Blood Alcohol Content while he was on the job some 12 hours prior to the test. The test was taken far too remotely from the time Mr. Ramey was on the job, the two test that were taken were not taken within 10 minutes of each other, and the results of breath test without controls to eliminate potential causes of error make the results unreliable. As such, the results of the breath test should not have been used in the decision of whether or not to take action against Mr. Ramey for alleged violation of PEPCO policy.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMIA

BENJAMIN RAMEY

PLAINTIFF,

V.

CIVIL CASE NO. 07-02279

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, LOCAL 1900

DEFENDANT.

ORDER

UPON CONSIDERATION OF PLAINTIFF'S OPPOSITION MOTION TO DEFENDANT'S MOTION TO DISMISS, IT IS HEREBY ORDERED THAT PLAINTIFF'S MOTION IS GRANTED.

DATED _____

_____

RICHARD J. LEON

U.S. DISTRICT COURT JUDGE