**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BENJAMIN RAMEY,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **Civil Case No. 07-02279-RJL** |
| | ) |
| **INTERNATIONAL BROTHERHOOD** | ) |
| **OF ELECTRICAL WORKERS,** | ) |
| **LOCAL 1900,** | ) |
| | ) |
|     **Defendant.** | ) |

### DEFENDANT'S REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant International Brotherhood of Electrical Workers, Local 1900 ("IBEW" or "the Union") files this Reply Memorandum to "Plaintiff's Opposition Motion to Defendant's Motion to Dismiss," ("Plaintiff's Opp."), and asks, for the reasons that follow and as set forth in Defendant's Motion to Dismiss and supporting memorandum ("Defendant's Motion"), that the Court dismiss this case.[1]

---

[1] Defendant will treat Plaintiff's "Opposition Motion to Defendant's Motion to Dismiss," not as a Motion, but as a Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss, pursuant to LcvR 7(b). Moreover, because Plaintiff asks this Court to return this case to the Superior Court for the District of Columbia, from which this case was removed by Defendant (Plaintiff's Opp., ¶ 8), and filed a "Notice of Removal" asking for the same, Defendant will also treat Plaintiff's Opposition as a Motion to Remand.

## I. Statute of Limitations

As set forth in Defendant's Motion and supporting memorandum, Plaintiff Benjamin Ramey alleges that the IBEW, as the exclusive collective bargaining representative of a group of employees of the Potomac Electric Power Company (PEPCO), which included Mr. Ramey, breached its duty of fair representation in the manner in which it prosecuted two grievances it filed with PEPCO on Mr. Ramey's behalf. Such duty of fair representation cases are governed by a six-month statute of limitations. See e.g., DeCostello v. International Bhd. of Teamsters, 462 U.S. 151 (1983); see also e.g. Simmons v. Howard University, 157 F.3d 914, 916 (D.C. Cir. 1998); Watkins v. CWA Local 2336, 736 F.Supp. 1156, 159 (D.D.C. 1990); Goins v. Teamsters Local 639, 598 F.Supp. 1151, 1153 (D.D.C. 1984).

Mr. Ramey has failed, in both his Complaint and his Opposition, to allege any facts suggesting that the Union engaged in any action or inaction involving Mr. Ramey within the six months before he filed his Complaint in this case, much less any action or inaction that would support an alleged breach of its duty of fair representation. In his Opposition he merely reiterates the conclusory statements from his Complaint alleging that he was "misrepresented" by the IBEW. For instance, in his Opposition Mr. Ramey alleges that he "was first misrepresented by the Local for non-compliance after 8 months of filing grievance for plaintiff...." Plaintiff Opp., ¶ 3. He also vaguely challenges the manner in which Defendant represented him during one of the two arbitration hearings at which the IBEW represented him, alleging "The Local never challenged by responding when both managers testified." Plaintiff Opp., ¶ 7.

The IBEW represented Plaintiff in filing and prosecuting two grievances against PEPCO, the first challenging PEPCO's decision to issue Plaintiff a "Decision Making Leave" on

September 30, 2003 for testing positive for the presence of alcohol in his system while on duty, and the second challenging his dismissal on November 8, 2004 for related events. See Defendant's Motion, pp. 2-3. Those grievances were progressed to arbitration and resolved, unfavorably to Plaintiff, in written arbitration decisions handed down on December 14, 2004 and July 11, 2005, respectively. Id. Mr. Ramey has failed to allege that the Union has engaged in any action or inaction since then which could form the basis of a breach of its duty of fair representation. His claim is therefore barred by the six month statute of limitation applicable to cases filed with the National Labor Relations Board, which the Supreme Court applied to actions claiming a breached duty of fair representation in DeCostello v. International Bhd. of Teamsters, 462 U.S. 151 (1983). See also e.g., Simmons v. Howard University, 157 F.3d 914, 916 (D.C. Cir. 1998); Watkins v. CWA Local 2336, 736 F.Supp. 1156, 159 (D.D.C. 1990); Goins v. Teamsters Local 639, 598 F.Supp. 1151, 1153 (D.D.C. 1984).

These conclusory allegations that Mr. Ramey offers in support of his claim that the IBEW breached its duty of representation are insufficient to meet his threshold burden of alleging facts which, if assumed true, would support his claim. In Lewis v. No. 1 Greyhound Lines-East, 411 F.Supp. 368 (D.D.C. 1976), a former employee of Greyhound filed suit against Greyhound for wrongful discharge, and against the union that represented him during his employment, the Amalgamated Transit Union, for allegedly breaching its duty of fair representation during grievance proceedings challenging that plaintiff's discharge. In ruling on the Defendant's motions to dismiss, the Court stated:

> It is appropriate at the outset to set forth the general outlines of a union's admitted duty of representation of its members. The union breaches its duty when its conduct toward any member is arbitrary, discriminatory, or in bad faith. Vaca v. Sipes, 386 U.S. 171, 87

> S.Ct. 903, 17 L.Ed.2d 842 (1967). At this preliminary stage of litigation, it is plaintiff's burden to show a threshold level of such ill-motive or arbitrary action to support his claim. Balowski v. International U., United A., A. & A. Imp. Wkrs., 372 F.2d 829 (6th Cir. 1967). Mere conclusory allegations, requiring the Court to infer bad faith from seemingly innocuous facts, are insufficient to meet this standard. Lusk v. Eastern Products Corp., 427 F.2d 705 (4th Cir. 1970).

Id. at 370. The Court then granted the union's motion to dismiss, holding that the plaintiff failed to "allege facts sufficient to support an inference of ill-will or bad faith to state a claim upon which relief [could] be granted. Id. at 370.

Here, even extending every benefit to Plaintiff as a pro se litigant, a liberal reading of both his Complaint and his Opposition to Defendant's Motion to Dismiss, fails to uncover any facts that, if assumed true, are sufficient to establish that the IBEW breached its duty of fair representation owed to Plaintiff. As such, he has failed to state a claim upon which relief can be granted.

## II. Plaintiff's State Law Claims are Preempted

Although Plaintiff does not specifically allege any state-law claims against the IBEW, he titled the Complaint filed with the Superior Court for the District of Columbia "Complaint (Conspiracy to Assist Company Policy to Supersede Federal DOT Law)," and suggests in his Opposition that the IBEW was engaged in a conspiracy against him. Setting aside the fact that Plaintiff fails to allege facts that, if true, would constitute civil conspiracy by the IBEW, a state law claim for civil conspiracy, or any such related claim, is preempted by § 301 of the Labor Management Relations Act (LMRA) and must therefore be dismissed.

Plaintiff's claim(s) against IBEW arise solely under IBEW's authority to act as the exclusive collective bargaining representative of a unit of PEPCO employees that included Mr.

4

Ramey.  That authority is established in Article 2 of the collective bargaining agreement between PEPCO and the IBEW.  See Defendant's Motion to Dismiss, Ex. 1, p. 3.  Mr. Ramey claims in his Complaint that IBEW (1) did not sufficiently communicate with him after it filed a grievance on his behalf challenging PEPCO's decision to issue Plaintiff a Decision Making Leave after he tested positive for the presence of alcohol in his system while on duty (Complaint, ¶ 4); (2) failed to properly investigate the credentials of the individual who performed that alcohol test (Complaint, ¶ 5); (3) misplaced a statement of a union representative who Plaintiff alleges was his "key witness" during the arbitration proceedings (Complaint, ¶ 6); and (4) instructed that "key witness" to "back up and stay out of it" (Complaint, ¶ 6).  In his Opposition to IBEW's Motion to Dismiss, Mr. Ramey further attempts to support his claim by arguing that IBEW was not familiar with Federal Motor Carrier Safety Regulations (Opp., ¶ 3), and did not adequately respond to the testimony of two managers, who presumably testified at one of the arbitration proceedings at which the IBEW represented Plaintiff (Opp., ¶ 7).

Mr. Ramey's claim thus focuses entirely on the manner in which the IBEW represented him in the grievance and arbitration proceedings challenging PEPCO's actions against Plaintiff.  Plaintiff's entitlement to challenge PEPCO's actions through those proceedings arose exclusively through Articles 17 and 18 of the collective bargaining agreement between the IBEW and PEPCO.  See Defendant's Motion to Dismiss, Ex. 1, pp. 5-8.

It is well-established that § 301 of the LMRA provides federal courts with the jurisdiction to resolve controversies arising from collective bargaining agreements, and to "fashion a body of federal law for the enforcement of these collective bargaining agreements."  United Steelworkers of America v. Rawson, 495 U.S. 362, 368 (1990).  Section 301 is such a "potent" source of

federal labor law that the Court has declared that "any state-law cause of action for violation of collective-bargaining agreements is entirely displaced by federal law under § 301." Id. (citing Avco Corp. v. Machinists, 390 U.S. 557 (1968)). Moreover, the preemptive force of § 301 extends beyond contract actions to include tort actions filed by an employee against his union. International Bhd. of Electrical Workers v. Hechler, 481 U.S. 851 (1987).

Courts have consistently held that a plaintiff may not avoid the preemptive effect of § 301 by artfully pleading a state-law claim against a union, including a claim of civil conspiracy, that plainly falls within the scope of the union's duty of fair representation. Despite such pleading, federal labor law governs such claims and ordinarily preempts any state-law claims based on those allegations. Thomas v. National Ass'n of Letter Carriers, 225 F.3d 1149 (10th Cir. 2000)(citing Vaca v. Sipes, 386 U.S. 171, 177; BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers, 132 F.3d 824, 830 (1st Cir. 1997); Richardson v. United Steelworkers, 864 F.2d 1162, 1170 (5th Cir. 1989)).

In Thomas v. National Ass'n of Letter Carriers, 225 F.3d 1149, a former letter carrier filed suit against his union and the Postal Service alleging, in pertinent part, wrongful discharge and civil conspiracy when his union refused to grant him an accommodation of his religious beliefs by excusing him from the provision in a memorandum of understanding that required him to work on Saturdays. The Court found:

> [a]lthough Thomas framed his state law claims under state wrongful discharge and civil conspiracy theories, those claims against NALC actually amount to a claim for breach of the duty of fair representation.... [T]his duty would certainly encompass the alleged actions of the Union of acting in concert with the Postal Service to discriminate against plaintiff due to his religious belief in observing the Sabbath and agreeing that plaintiff should be discharged." Id. at 1158 (internal quotations omitted).

Because his claims amounted to a claim for a breach of duty of fair representation, the Court held federal labor law preempted the claim, and that claimed breach of duty of fair representation was filed outside the applicable six-month statute of limitations.  Id.; see also Bey v. Williams, 590 F.Supp. 1150 (D.C. Pa. 1984)(holding that because a conspiracy claim against a union involves "essentially the same set of facts" as a claim for a breach of duty of fair representation, the conspiracy claim is also governed by the six-month limitations period adopted by the Supreme Court in DelCostello v. International Bhd. of Teamsters, 462 U.S. 151 (1983)); Sizer v. Rossi Contractors, 2000 WL 116081 (N.D.Ill. 2000)(holding Plaintiff, who effectively claimed her union engaged in a conspiracy to breach its obligations under a collective bargaining agreement, could not cloak a claimed breach of a collective bargaining agreement under a conspiracy label in order to change the nature of her claim and escape the fact that the substance of her claim was preempted).

     Here, Mr. Ramey relies on the same set of facts, sparse as they may be, to support his allegation that the IBEW "misprest[ed] plaintiff while conspiring against him."  Plaintiff Opp., ¶ 7.  In other words, Plaintiff essentially alleges that the IBEW conspired against him by misrepresenting him in grievance proceedings challenging both the Decision Making Leave issued by PEPCO and his eventual termination.  Because both "claims" arise under IBEW's status as the exclusive bargaining representative of a unit of PEPCO employees that included Mr. Ramey, his claim that the IBEW breached its corresponding duty of fair representation preempts his state-law claim that IBEW engaged in a civil conspiracy against him.

### III. Plaintiff's Request to Remand Case

Because § 301 vests federal courts with jurisdiction to resolve claims, such as those of Mr. Ramey, that involve the interpretation of a collective bargaining agreement, and preempts any related state-law claim, Plaintiff's request that this Court remand this action to the Superior Court for the District of Columbia should be denied.

### Conclusion

Plaintiff failed to allege that the IBEW engaged in any action or inaction against him within the six-month period before he filed his Complaint in this matter.  As such, his claims are time barred under the applicable six month statute of limitations and should be dismissed. Moreover, any state law claims that can be inferred in Plaintiff's Complaint arise from IBEW's authority as the exclusive bargaining representative of certain PEPCO employees, including Plaintiff, and require the interpretation of the collective bargaining agreement in effect between the IBEW and PEPCO.  As such, those claims are preempted by the duty of fair representation under §301 of the LMRA, are time-barred and should therefore be dismissed.

Respectfully submitted,

 /s/ Robert E. Paul
Robert E. Paul (Bar No. 194787)
Jeffrey W. Burritt (Bar No. 493812)
Zwerdling, Paul, Kahn & Wolly
1025 Connecticut Ave., N.W. Suite 712
Washington, DC 20036
Phone: (202) 857-5000
Fax: (202) 223-8417
E-mail: rpaul@zwerdling.com
         jburrit@zwerdling.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on the 10th day of January 2007, a copy of the foregoing Defendant's Reply Memorandum to Plaintiff's Opposition to Defendant's Motion to Dismiss was sent, by first-class mail, postage prepaid, to the Plaintiff, who is proceeding <u>pro se</u>, Benjamin Ramey, 4251 Clay Street, NE, Washington, D.C. 20019.

                                        <u>/s/ Robert E. Paul</u>
                                        Robert E. Paul