IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**BENJAMIN RAMEY,**            )
                               )
        **Plaintiff,**        )
                               )
   vs.                         )   **Civil Action No. 07-cv-2279 (RJL)**
                               )
**INTERNATIONAL BROTHERHOOD OF** )
**ELECTRICAL WORKERS, LOCAL 1900,** )
                               )
        **Defendant.**        )

---

### JOINT MEET AND CONFER STATEMENT

Plaintiff Benjamin Ramey and Defendant International Brotherhood of Electrical Workers, Local 1900 ("the Union") hereby file this Joint Meet and Confer Statement pursuant to the Case Management Order issued in this case on December 21, 2007:

On Tuesday, January 22, 2008, and Tuesday, February 5, 2008, Mr. Ramey and the Union, through its undersigned counsel Jeffrey W. Burritt, met in person to confer and prepare this statement.

**A.**    **Local Rule 16.3(c)**

With respect to the matters to be discussed by the parties pursuant to Local Rule 16.3(c), the parties state the following:

(1)    <u>Dispositive Motions</u>:  The Union has filed a Motion to Dismiss this case, which has been fully briefed by both parties and which is now pending a decision.  The parties request, as set forth below in paragraph 8, that discovery await a decision on that Motion to Dismiss.

(2)    <u>Amending the pleadings</u>:  The parties ask this Court to set the deadline for joining parties or amending the pleadings thirty (30) days after the court rules on the Union's Motion to Dismiss.  The parties are hopeful they can stipulate to certain factual issues, but do not anticipate reaching agreement on any legal issues.

(3)    <u>Magistrate Judge</u>: This case should be assigned to a magistrate judge for all

-1-

purposes, including trial.

(4) <u>Settlement</u>: While the parties will continue to engage in settlement discussions, it appears unlikely that this case will settle.

(5) <u>Alternative Dispute Resolution</u>: The parties cannot agree on whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures. The position of each party follows:

(a) Plaintiff: Mr. Ramey believes ADR may be helpful. He requests that a neutral evaluation of the case take place, if necessary, immediately after the Court rules on the Union's pending Motion to Dismiss, and that the Court stay discovery pending completion of those ADR procedures;

(b) Defendant: The Union believes that this case would not benefit from the Court's ADR procedures, and therefore asks that discovery, if necessary, commence immediately upon the Court issuing a ruling on the Union's pending Motion to Dismiss.

(6) <u>Time for Filing Dispositive Motions</u>: If this case is not resolved through the Union's pending Motion to Dismiss, it may resolve on a motion to summary judgment following appropriate discovery. The parties propose the following dispositive motion schedule:

(a) Motions for Summary Judgment will be filed thirty (30) days after the close of discovery;

(b) Opposing Memoranda shall be filed eleven (11) days after service of a Motion for Summary Judgment;

(c) Reply memoranda shall be filed five (5) days after service of an Opposition Memoranda.

(d) The parties respectfully request that the Court issue a decision on any Motion for Summary Judgment at least thirty (30) days before the pretrial conference.

(7) <u>Initial Disclosures</u>: The parties stipulate to dispense with the initial disclosures required by Rule 26(a)(1).

(8) <u>Discovery</u>: The parties intend on engaging in discovery and propose that the limitations and requirements of the Federal Rules of Civil Procedure apply. The parties cannot agree, however, on the precise timing of discovery. The position of each party follows:

(a) Plaintiff: Mr. Ramey proposes that the commencement of discovery be stayed pending completion of ADR, and further proposes that all discovery should be completed in sixty (60) days.

(b) Defendant proposes that discovery commence immediately, if necessary, after the Court issues a decision on the Union's pending Motion to Dismiss, and further proposes that all discovery should be completed in ninety (90) days.

(9) <u>Expert Witnesses</u>: The requirements of exchange of expert reports and information pursuant to Rule 26(a)(2) should be modified as follows:

(a) On or before thirty (30) days after discovery commences, Mr. Ramey will designate expert witnesses,

(b) On or before forty-five (45) days after discovery commences, the Union will designate expert witnesses;

(c) With respect to a party who intends to call an expert for the purpose of supporting an affirmative claim for relief, Rule 26 expert witness reports shall be exchanged no later than sixty (60) days after discovery commences; and shall, with respect to a party who intends to call an expert for the purpose of defending against an affirmative claim for relief, be exchanged no later than seventy-five (75) days after discovery commences.

(d) Depositions of any designated expert witnesses must take place within thirty (30) days after that witnesses' Rule 26 expert report is exchanged.

(10) <u>Class Actions</u>: Not applicable.

(11) <u>Bifurcation</u>: Not necessary.

(12) <u>Pretrial Conference</u>: A pretrial conference should be held within thirty (30) days after the Court issues a decision on the parties' motions for summary judgment.

(13)     Trial Date:     The Court should provide a trial date at the pretrial conference.

(14)     Other Matters:  The parties do not propose including any other matters in the scheduling order.

**B.     Statement of the Facts and Basis for All Causes of Action and Defenses**

The parties were unable to agree upon a one page statement of the facts of the case and the statutory basis for all causes of actions and defenses as required in this Court's Case Management Order.  Accordingly, the parties each prepared the following statements.

Plaintiff's Position[1]

1.      On 12-10-04 Local did not protest the testing process (DOT) or the certification of the BAT after the investigators testimony and PEPCO's atty., Ms. Flack conformation the he was not certified.

2.      On 7-11-05 Local did not argue who terminated Plaintiff after no one admitted.

3.      The Local told Plaintiff investigator not to contact Local anymore.

4.      The Local misplaced Plaintiff's key witness, Loman Dudley's statement.

5.      The Local told key witness to back up and stay out.

6.      The Local misrepresented by not offering advice when the arbitrators destroyed the hearing tape.

7.      After Plaintiff contested the validity of the test, the Local then should had an expert opinion that could have saved Plaintiff's employment.

Defendant's Position

In his Complaint, Mr. Ramey alleges that the Union breached the duty of fair representation it owed to him.  Mr. Ramey was employed by the Potomac Electric Power Company ("PEPCO") in a collective bargaining unit position represented by the Union.  In

---

[1] Mr. Ramey's statement has been typed verbatim from a hand-written document he provided to the Union's undersigned counsel on February 5, 2008.

September of 2003, PEPCO issued Mr. Ramey a Decision Making Leave, akin to being placed on probation, after he allegedly tested positive for the presence of alcohol in his system during working hours. He was later terminated for allegedly failing to successfully complete a rehabilitation program. The Union investigated each of these action by PEPCO, filed grievances challenging these actions on Mr. Ramey's behalf, and progressed each grievance to arbitration. Although each arbitration hearing resulted in a decision upholding PEPCO's actions, the Union fulfilled its duty of fair representation to Mr. Ramey. Accordingly, Mr. Ramey's Complaint has not merit. Moreover, Mr. Ramey's Complaint should be dismissed because he failed to initiate suit within the applicable six month statute of limitations, borrowed from § 10(b) of the National Labor Relations Act (29 U.S.C. § 160). Finally, to the extent that Mr. Ramey's Complaint alleges any other claims against the Union, those claims are preempted by § 301 of the Labor Management Relations Act (29 U.S.C. § 185).

Respectfully submitted,

/s/ Benjamin Ramey
Benjamin Ramey
4251 Clay Street, N.E.
Washington, DC 20019
(202) 213-8154

Plaintiff

/s/ Robert E. Paul
Robert E. Paul (D.C. Bar No. 194787)
Jeffrey W. Burritt (D.C. Bar No. 493812)
Zwerdling, Paul, Kahn & Wolly
1025 Connecticut Ave., N.W. Suite 712
Washington, DC 20036
Phone: (202) 857-5000
Fax: (202) 223-8417
E-mail: rpaul@zwerdling.com
        jburritt@zwerdling.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**BENJAMIN RAMEY,** )
)
         **Plaintiff,** )
)
    vs. )    Civil Action No. 07-cv-2279 (RJL)
)
**INTERNATIONAL BROTHERHOOD OF** )
**ELECTRICAL WORKERS, LOCAL 1900,** )
)
         **Defendant.** )

---

**PLAINTIFF'S PROPOSED SCHEDULING ORDER**

Pursuant to Fed. R. Civ. P. 16(b) and 26(f), and upon consideration of the parties' Joint Met and Confer Statement, this Court finds that the following time limits are appropriate:

    I.    Any motion to join additional parties or to amend the pleadings will be filed within thirty (30) days after the Court issues a decision on Defendant's Motion to Dismiss.

    II.    This case will be sent for a neutral case evaluation pursuant to the Court's alternative dispute resolution procedures immediately after the Court issues a ruling on Defendant's Motion to Dismiss.

    III.    Discovery shall commence immediately after a neutral case evaluation is issued through the Court's ADR procedures, and must be completed sixty (60) days thereafter.

    IV.    Plaintiff shall designate expert witnesses within thirty (30) days after discovery commences. Defendant shall designate expert witnesses within forty-five (45) days after discovery commences. With respect to a party who intends to call an expert for the purpose of supporting an affirmative claim for relief, Rule 26 expert witness reports shall be exchanged no later than sixty (60) days after discovery commences; and shall, with respect to a party who intends to call an expert for the purpose of defending against an affirmative claim for relief, be exchanged no later than seventy-five (75) days after discovery commences.

    V.    Either party may file a Motion for Summary Judgment within thirty (30) days after the close of discovery. Opposing Memoranda shall be filed eleven (11) days after service of

a Motion for Summary Judgment. Reply memoranda shall be filed five (5) days after service of an Opposition Memoranda.

      VI.    The Court will schedule a pretrial conference to take place within thirty (30) days after the Court issues a decision on the parties' motions for summary judgment, and shall set a trial date at that pretrial conference.

IT IS SO ORDERED.

                                                              _____
                                                              RICHARD J. LEON
                                                              Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------
**BENJAMIN RAMEY,**            )
                               )
            **Plaintiff,**      )
                               )
   vs.                         )    Civil Action No.  07-cv-2279 (RJL)
                               )
**INTERNATIONAL BROTHERHOOD OF**   )
**ELECTRICAL WORKERS, LOCAL 1900,** )
                               )
            **Defendant.**      )
---------------------------------------------------------------

**DEFENDANT'S PROPOSED SCHEDULING ORDER**

Pursuant to Fed. R. Civ. P. 16(b) and 26(f), and upon consideration of the parties' Joint Met and Confer Statement, this Court finds that the following time limits are appropriate:

I.    Any motion to join additional parties or to amend the pleadings will be filed within thirty (30) days after the Court issues a decision on Defendant's Motion to Dismiss.

II.    Discovery shall commence immediately after this Court issues a decision on the Union's pending Motion to Dismiss, and must be completed ninety (90) days thereafter.

III.    Plaintiff shall designate expert witnesses within thirty (30) days after discovery commences.  Defendant shall designate expert witnesses within forty-five (45) days after discovery commences.  With respect to a party who intends to call an expert for the purpose of supporting an affirmative claim for relief, Rule 26 expert witness reports shall be exchanged no later than sixty (60) days after discovery commences; and shall, with respect to a party who intends to call an expert for the purpose of defending against an affirmative claim for relief, be exchanged no later than seventy-five (75) days after discovery commences.

IV.    Either party may file a Motion for Summary Judgment within thirty (30) days after the close of discovery.  Opposing Memoranda shall be filed eleven (11) days after service of a Motion for Summary Judgment.  Reply memoranda shall be filed five (5) days after service of an Opposition Memoranda.

V.    The Court will schedule a pretrial conference to take place within thirty (30) days after the Court issues a decision on the parties' motions for summary judgment, and shall set a trial date at that pretrial conference.

IT IS SO ORDERED.

_____
RICHARD J. LEON
Judge, United States District Court