UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| BENJAMIN RAMEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-2279 (RJL) |
| | ) | |
| INTERNATIONAL BROTHERHOOD | ) | |
| OF ELECTRICAL WORKERS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Plaintiff Benjamin Ramey filed this *pro se* complaint against his former union, the

International Brotherhood of Electrical Workers ("Union").  The Union filed a motion to dismiss

for failure to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6), and

plaintiff filed an opposition.  The claim Ramey asserts is preempted by § 301 of the National

Labor Management Act ("NLMA"), 29 U.S.C. § 185, which has a six-month limitation period.

Because this action was filed long after the limitation period allows, the motion to dismiss will

be granted and the complaint will be dismissed.

BACKGROUND

Ramey was a Union member and PEPCO employee who, on September 1, 2003 was

accused of being intoxicated at work.[1]  (Compl. 1-2.)  PEPCO administered a blood alcohol test,

with a Union representative present.  (*Id.* at 1.)  A few weeks later, on September 30, 2003,

---

[1] The parties disagree about whether the triggering incident occurred on August 31, 2003 or September 1, 2003. The difference is immaterial, and the complaint serves as the basis for the facts in this determination.

Ramey was placed on disciplinary leave with conditions.  (*Id.* at 2.)  The Union filed a

presidential grievance regarding the disciplinary leave, and the Union representative filed "his

version of the events" of the triggering event and alcohol testing.  (*Id.*)  The Union did not

contact Ramey for months while he was on leave, and Ramey contacted the Union in June 2004.

(*Id.*)  Ramey's employment was terminated on November 8, 2004.  (*Id.*)  An arbitration hearing

on December 10, 2004 considered whether PEPCO's alcohol policy was in compliance with the

applicable laws and regulations.[2]  (*Id.*)  Although the Union made an argument in support of

Ramey at the arbitration hearing, it did not investigate other matters, such as whether the person

administering the alcohol test was certified to practice by the federal Department of

Transportation ("DOT") or by the District of Columbia, or that the test was forensically invalid

or altered, as Ramey claimed.  (*Id.*)  Ramey's investigator, Ms. Davis, informed the Local "of the

conspiracy to cover up [PEPCO's] violations . . . [and] to terminate plaintiff, . . . and the Local

Turned their back on plaintiff."  (*Id.* at 3.)  In addition, the "Local shouted in anger requesting

that Ms. Davis cease calls concerning plaintiff's termination."  (*Id.*)  The complaint allegest that

both the president and the vice-president of the local "misrepresented plaintiff to the fullest" and

"chose to shelter PEPCO over an employee that paid dues for 13 years."  (*Id.* at 2.)

Ramey filed this complaint for "conspiracy to assist company policy to supersede federal

DOT law" (*id.* at 1) against the Union in the Superior Court for the District of Columbia on or

about November 19, 2007.  The Union removed the action to this Court and filed a motion to

---

[2] The complaint reads as if the arbitration hearing actually took place on December 10, 2004.  Documents filed with the motion to dismiss indicate that the written decision was dated December 10, 2004, but the hearing occurred some months prior to that.  This discrepancy, too, is immaterial, and the facts as stated in the complaint will be credited for the purpose of this determination.

dismiss, arguing that Ramey's claim must be construed as one for breach of the Union's duty of

fair representation, and as such, it is pre-empted by federal law pursuant to § 301 of the LMRA,

29 U.S.C. § 185, and time-barred by the applicable six-month limitation period. (Def.'s Mot. to

Dismiss.) Ramey has filed an opposition to the motion to dismiss, with documentary exhibits,

arguing that he provided evidence to the Union that the alcohol test was altered and not valid,

and that the Union failed to fairly represent him. (Pl.'s Opp'n to Def.'s Mot. to Dismiss.)

DISCUSSION

"[A] motion to dismiss [for failure to state a claim] may be granted on the basis that the

action is time-barred only when it appears from the face of the complaint that the relevant statute

of limitations bars the action." *Doe v. U.S. Dep't of Justice,* 753 F.2d 1092, 1115 (1985); *see*

*also id.* at 1096 n.1 (where plaintiff has not had opportunity to present all material made pertinent

to a motion under Rule 56, the determination is made as one under Rule 12(b)(6) "confined to the

legal sufficiency of the plaintiff's pleadings"). In this case, the face of the complaint clearly sets

out the time frame, establishing that the triggering event occurred in September 2003 and the

most recent events were alleged against the Union were shouting at investigator Davis and not

fairly representing Ramey regarding his termination, which became effective November 8, 2004.

The complaint was filed in Superior Court in November 2007. Thus, the six-months' limitation

bar will be considered on this motion to dismiss under Rule 12(b)(6).

A court considering a Rule 12(b)(6) motion to dismiss must assume all factual allegations

to be true, even if they are doubtful. *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007);

Holy Land Found. for Relief & Dev. v. Ashcroft, 333 F.3d 156, 165 (D.C. Cir.2003); *Browning*

*v. Clinton,,* 292 F.3d 235, 242 (D.C. Cir. 2002). The court need not accept as true either

3

inferences unsupported by facts set out in the complaint or legal conclusions cast as factual

allegations. *Browning,* 292 F.3d at 242.

To the extent that the Union had a duty to Ramey, that duty is defined and governed by a

collective bargaining agreement ("CBA"), as well as applicable federal statutes. To assess

whether the Union failed to properly discharge a duty owed to plaintiff requires an interpretation

of the CBA. Any claim requiring the interpretation of a CBA is pre-empted by federal law

pursuant to the § 301 of the LMRA, even if the claim was asserted as a state-law claim. "[I]f the

resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement,

the application of state law . . . is pre-empted and federal labor-law principles . . . must be

employed to resolve the dispute." *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 406

(1988). In short, "[i]t is settled law that any claims that require the interpretation of a collective

bargaining agreement . . . are completely pre-empted by § 301 of the LMRA,. Thus, regardless

of how a plaintiff may label [his] claim, it is construed as a claim brought pursuant to § 301 of

the LMRA, and is properly removed." *Taylor v. Giant Food Inc.*, 438 F. Supp. 2d 576, 581 (D.

Md. 2006); *see also id.* at 581-84 (explaining that whether a union's duty to fairly represent is

derived directly from an express provision of the CBA or is "implied from the union's status as

the exclusive bargaining representative," any claim of a breach is completely pre-empted by

federal law). Thus, whether Ramey intended to assert a state-law claim or a federal claim under

§ 301 of the LMRA, it must be treated as the latter.

A plaintiff has only six months after the cause of action arose to file a claim brought

under § 301 of the LMRA against a union for breaching its duty of fair representation. *George v.*

*Local Union No. 639, Int'l B'hood of Teamsters, Chauffeurs, Warehousemen & Helpers of*

4

*America, AFL-CIO,* 100 F.3d 1008, 1009-10, 1014 (D.C. Cir. 1996) (affirming district court's application of the local union for breach of duty of fair representation) (citing cases from other Circuits); *see also Simmons v. Howard Univ.*, 157 F.3d 914 (D.C. Cir. 1998). Here, the last acts complained of against the Union are turning its back on plaintiff regarding his termination and shouting at investigator Davis, who was calling about Ramey's termination. (Compl. at 3). These acts presumably took place at about the time the termination became effective in November 2004. In any case, because the termination became effective in November 2004, and Ramey had timely notice of his termination, any cause of action for a breach of the Union's duty to fairly represent Ramey in his dispute with PEPCO arose around that time. On these facts, there can be no doubt that this complaint, filed in November 2007, is time-barred because it was filed long after the six-month period allowed for filing such a claim.

## CONCLUSION

Because the gravamen of the claim asserted in this complaint is one for breach of the Union's duty of fair representation, it must be treated as one brought under § 301 of the NLMA, 29 U.S.C. § 185. The limitation period for a breach of a union's duty of fair representation is six months. This action was filed approximately three years after the alleged cause of action arose. Because it was not filed within the six-month limitation period allowed after the cause of action arose, it is barred as untimely. Accordingly, the defendant's motion under Rule 12(b)(6) will be granted and the complaint will be dismissed.

A separate order accompanies this memorandum opinion.

RICHARD J. LEON
United States District Judge

Dated:

9/25/08

5